IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SAMUEL LANIER, # 182893,    )
    )
    Petitioner,    )
    )
    v.    )    Civil Action No. 2:13cv524-WHA
    )    (WO)
GARY HETZEL, *et al.*,    )
    )
    Respondents.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Samuel Lanier ("Lanier").  Doc. No. 1.

### I.  BACKGROUND

Trial and Sentencing

On January 12, 2011, a Montgomery County jury found Lanier guilty of five counts of first-degree robbery, in violation of § 13A-8-41(a)(1), Ala. Code 1975.  On January 31, 2011, the trial court sentenced Lanier as a habitual felony offender to concurrent terms of life in prison without the possibility of parole.

Direct Appeal

Lanier appealed to the Alabama Court of Criminal Appeals, where his appellate counsel filed a no-merit, "*Anders* brief"[1] identifying one potential issue: whether Lanier's

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

trial counsel rendered ineffective assistance. *See* Resp't's Ex. B at 1.[2]  Appellate counsel noted it was unclear whether this issue was properly preserved for appellate review. *Id*. at 1-2.  Lanier was afforded an opportunity to submit *pro se* issues for appellate review and did so in a brief, where he asserted claims that the trial court erred in (1) denying his motion to supplement the record on appeal; (2) denying funds to conduct a mental evaluation regarding his mental state when the offenses were committed; (3) denying his motion for a judgment of acquittal; and (4) failing to provide allocution at sentencing. *Id*. at 3.

On December 2, 2011, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Lanier's convictions and sentence, finding that his claim of ineffective assistance of trial counsel was not properly before the court for appellate review and that his remaining claims provided no basis for reversing his convictions and sentence. *Id*. at 2-3.  Lanier applied for rehearing, which the appellate court overruled on March 2, 2012.  Resp't's Ex. C.  He then filed a petition for certiorari review with the Alabama Supreme Court, which that court denied on May 11, 2012, issuing a certificate of judgment the same day.  Resp't's Ex. D.

<u>Rule 32 Proceedings</u>

On September 19, 2012, Lanier filed with the trial court (the Circuit Court of Montgomery County) a post-conviction petition under Ala. R. Crim. P. 32, asserting the following claims:

---

[2] Page references in this Recommendation are to those assigned by CM/ECF.

1.    His sentence was illegally enhanced because the State failed to present evidence that his probation, which he was he serving at the time of his arrest for first-degree robbery, was revoked prior to his sentencing.

2.    The State failed to corroborate the accomplice testimony regarding Counts One and Four for first-degree robbery.

3.    There was a fatal variance between the indictment and the proof regarding Counts One and Four.

4.    The trial court erred by failing to approve his request for funds for an expert mental evaluation regarding his mental state when the offenses were committed.

5.    Trial counsel was ineffective for failing to adequately cross-examine several of the State's witnesses.

Resp'ts Ex. E at 16-30.

On November 15, 2012, the trial court entered an order denying Lanier's Rule 32 petition. *Id*. at 44. Lanier appealed to the Alabama Court of Criminal Appeals, and on March 29, 2013, by unpublished memorandum opinion, that court affirmed the trial court's judgment. Resp'ts Ex. F. Lanier applied for rehearing, which the appellate court overruled on May 3, 2013. Resp'ts Ex. G. Lanier filed no petition for certiorari review with the Alabama Supreme Court. On May 22, 2013, the Alabama Court of Criminal Appeals issued a certificate of judgment. Resp'ts Ex. H.

## The Instant § 2254 Petition

On July 19, 2013, Lanier filed this § 2254 petition for writ of habeas corpus, asserting the following claims:

3

1.      His sentence was illegally enhanced because the State failed to present evidence that his probation was revoked prior to his sentencing.

2.      The trial court erred in denying his motion for a judgment of acquittal because the only evidence linking him to the robberies charged in Counts One and Four of the indictment was uncorroborated accomplice testimony.

3.      The trial court erred by denying his request for funds to have a mental evaluation conducted regarding his mental state when the offenses were committed.

4.      His trial counsel was ineffective for failing to adequately cross-examine several of the State's witnesses.

Doc. No. 1 at 5-19.

The respondents filed an answer arguing that Lanier is procedurally defaulted on his claims, because he did not properly present them to the state courts when he had the opportunity to do so and he cannot now return to state court to exhaust them.  Doc. No. 6 at 9-14.

On August 20, 2013, Lanier moved to amend his § 2254 petition to add claims that the trial court erred (1) by denying his motion to supplement the record on appeal and (2) by failing to provide allocution at sentencing.  Doc. No. 11 at 3-4 & 6.  Lanier also reasserted his original claim that the trial court erred by denying his request for funds for a mental evaluation.  *Id*. at 4-5.  Lanier also presented a general claim that the trial court erred in denying his motion for a judgment of acquittal; however, his most specific argument in support of this claim was a reassertion of his original claim that he was entitled to acquittal

because the only evidence linking him to the robberies was uncorroborated accomplice testimony. *Id.* at 5.

The respondents filed a supplemental answer asserting that (1) Lanier's claim that the trial court erred in denying his motion to supplement the record on appeal is meritless; (2) his claim that the trial court failed to provide allocution at sentencing provides no basis for federal habeas corpus relief, is meritless, and is refuted by the record; (3) his claim that the trial court erred by denying his request for funds for a mental evaluation is both procedurally defaulted and meritless; and (4) his claim that the only evidence linking him to the robberies was uncorroborated accomplice testimony involves a question of state law and provides no basis for federal habeas corpus relief. Doc. No. 13 at 3-8.

After careful review of the parties' submissions, the undersigned finds that Lanier is not entitled to habeas relief and that his § 2254 petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Procedurally Defaulted Claims

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Claims never presented to a state court or not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

### 1. *Ineffective Assistance of Trial Counsel*

The respondents argue that Lanier has procedurally defaulted his claim that his trial counsel was ineffective for failing to adequately cross-examine several of the State's witnesses. Doc. No. 1 at 17-19; *see* Doc. No. 6 at 9-14. Although Lanier raised this claim

in his Rule 32 petition and when appealing to the Alabama Court of Criminal Appeals after the trial court denied his Rule 32 petition, he filed no petition for certiorari review with the Alabama Supreme Court after the Alabama Court of Criminal Appeals affirmed the denial of his Rule 32 petition.  As such, he failed to properly exhaust this claim in the state courts. *See Pruitt*, 348 F.3d at 1359 ("Nothing in *Boerckel*'s reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals.").  Lanier would be procedurally barred under Alabama law from returning to the state courts to present this unexhausted claim, as the time for filing a petition for writ of certiorari with the Alabama Supreme Court has long passed.[3]  Consequently, Lanier's ineffective assistance of trial counsel claim is unexhausted and procedurally defaulted.

<u>Exceptions for Procedurally Defaulted Claims</u>

This court may reach the merits of Lanier's procedurally defaulted claim only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ] . . . .  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96.  A "fundamental miscarriage of

---

[3] In Alabama, the appellate review process, whether on direct appeal on in post-conviction proceedings involving Rule 32 petitions, includes an application for rehearing before the Alabama Court of Criminal Appeals and a petition for certiorari review by the Alabama Supreme Court.  *See* Ala. R. App. P. 39(c)(1)-(2), 40(c).  A petition for a writ of certiorari must be filed within 14 days of the decision of the Alabama Court of Criminal Appeals on the application for rehearing.  Ala. R. App. P. 39(c)(2).

justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id.*

*Henderson*, 353 F.3d at 892.

### Cause and Prejudice

"[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default resulted from ineffective assistance of counsel.[4]  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Prejudice, in this context, means a reasonable probability that the outcome would have been different. *Jenkins v. Bullard*, 210 F. App'x 895, 898-901 (11th Cir. 2006).  Lanier makes no attempt to demonstrate either cause for his failure to present his federal habeas claim to the state courts in compliance with applicable procedural rules, or the existence of actual prejudice emanating from infringement of federal law.

### Fundamental Miscarriage of Justice

Absent a showing of cause and prejudice, a federal habeas court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent."  *Smith v. Murray*, 477 U.S. 527, 537-38 (1986).  "It is important to note in this regard that 'actual innocence' means factual

---

[4] "[A]n ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default."  *Henderson v. Campbell*, 353 F.3d 880, 896 (11th Cir. 2003) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)).

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Lanier fails to make the requisite showing of actual innocence, and indeed makes no attempt to do so.  He points to no new evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*.  Consequently, his procedurally defaulted claim of ineffective assistance of trial counsel is foreclosed from federal habeas review.

### 2.  *Sentence Enhancement*

The respondents argue that Lanier has also procedurally defaulted his claim that his sentence was illegally enhanced because the State failed to present evidence that his probation was revoked prior to his sentencing.  Doc. No. 1 at 5-8; *see* Doc. No. 6 at 9-14.

"Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."  *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992)

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for

the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Lanier first presented his claim regarding the allegedly improper enhancement of his sentence in his Rule 32 petition. The Rule 32 court found that the claim was without merit[5] and also stated that the claim was precluded under Ala. R. Crim. P. 32.2(a)(3) & (5) because it could have been, but was not, raised at trial or on direct appeal. *See* Resp'ts Ex. E at 44. The Alabama Court of Criminal Appeals affirmed the Rule 32 court's ruling that the claim was procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (5). Resp'ts Ex. F at 3.

Because the Alabama Court of Criminal Appeals held that Lanier's sentence enhancement claim was procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (5), the claim in his habeas petition is procedurally defaulted. *Atkins*, 965 F.2d at 955. As with his other procedurally defaulted claim (i.e., ineffective assistance of trial counsel), Lanier makes no attempt to demonstrate either cause for his failure to present this claim to the state courts in compliance with applicable procedural rules, or the existence of actual prejudice

---

[5] Regarding the merits, the court held that Lanier's sentence was properly enhanced under Alabama's habitual offender statute because "[l]ack of revocation on a prior conviction has no bearing on the ability of the State of Alabama to use the prior conviction for sentence enhancement purposes." Resp'ts Ex. E at 44. Lanier presents no relevant argument or case law in his § 2254 petition to counter this holding by the trial court.

10

emanating from infringement of federal law.  Nor does Lanier make the showing of actual innocence required to overcome his procedural default.  Consequently, this procedurally defaulted claim is foreclosed from federal habeas review.

**B.   Claims Adjudicated on Merits by State Courts**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010).  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.  *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle

to a new context in a way that is objectively unreasonable.  *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision.  *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).  The reviewing court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."  *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 786 (2011).  "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### 1.   *Funds for Mental Evaluation*

Lanier claims that the trial court erred by failing to approve his request for funds for an expert mental evaluation.  Specifically, he claims that his trial counsel raised an issue of his mental state at the time of the offenses and that the trial court was therefore required to grant trial counsel's request for a mental evaluation.  Doc. No. 1 at 13-16; Doc. No. 11 at 4-5.

With regard to his trial counsel's request for funds for a mental evaluation of Lanier, the following exchange occurred at Lanier's trial:

> [LANIER'S COUNSEL]: Judge, I've been representing [Lanier] in this case for some period of time.  I just want the record to reflect that as of last week, I met with the . . . chief deputy district attorney . . . about the case.  It was not resolved at that meeting.  Subsequent to that, we made a request to the Court for a mental evaluation.  And the Court did not entertain that.  We renewed that yesterday.  And I just want the record to reflect that we did seek a mental evaluation on him, but it's not been granted.

> THE COURT:  Okay.  And in response to that, let me say, the reason for the request for the mental evaluation was made because . . . Mr. Lanier, if he's convicted, is facing life without the possibility of parole is my understanding.

> You met with [the chief deputy attorney].  *And he suggested that he might be willing to engage in some sort of mercy deal if you could show that he was of sub-par intelligence or suffered some mild form of retardation*.  That is not what a mental evaluation provided by the State– That is not the purpose of a mental evaluation by the State.  The purpose is to determine whether he was competent or incompetent at the time he committed the crime.  *No one has made any suggestion to this Court that he was incompetent at the time he committed the crime*.  He's certainly able to go, if he wants to, get his own mental evaluation or IQ test or whatever.  But that is not what the State of Alabama is supposed to be asked to spend its money to do.

> [LANIER'S COUNSEL]:  Judge, I would just like to state for the record that he's been incarcerated and is clearly indigent, and he has no

resources.

Resp'ts Ex. A at 65-66 (emphasis added).

Lanier asserted his denial-of-funds claim in his *pro se* brief submitted on direct appeal, *see* Resp'ts Ex. B at 3, and the Alabama Court of Criminal Appeals summarily ruled that the claim provided no basis for reversal, *id*.  Lanier reasserted the claim in his Rule 32 petition, and the Rule 32 court found both that the claim was precluded under Ala. R. Crim. P. 32.2(a)(3) & (5) and that it was without merit because Lanier never raised an issue of his mental state at the time of the offenses or challenging his ability to stand trial.  Resp'ts Ex. E at 44.  Lanier appealed the Rule 32 court's decision, and the Alabama Court of Criminal Appeals held:

> As the trial record makes clear, Lanier did not raise an issue of his mental state at the time of the offenses; rather, he sought a mental evaluation in order to garner a "mercy deal."  Accordingly, the record refutes the claim that Lanier now raises in his petition – that trial counsel raised an issue of Lanier's mental state at the time of the offenses.  Therefore, the circuit court did not err in dismissing this claim.

Resp'ts Ex. F at 5.[6]

---

[6] The respondents argue that Lanier's denial-of-funds claim is unexhausted and procedurally barred because he failed to file a petition for writ of certiorari with the Alabama Supreme Court seeking review of the Alabama Court of Criminal Appeals' decision affirming the denial of his Rule 32 petition where the claim was presented.  *See* Doc. No. 6 at 9-14; Doc. No. 13 at 5.  However, as noted above, Lanier also asserted the claim in his *pro se* brief submitted on direct appeal, and it is arguable that he thereafter exhausted the claim in the State's direct-review process.  In any event, the undersigned finds that it is unnecessary to address the issue of the procedural bar here, because even assuming Lanier's claim is preserved, the state court's decision denying the claim on the merits was based on a reasonable determination of the facts in light of the evidence presented in the state court proceedings and was not contrary to, or an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1) & (2).

Here, the state court's factual findings regarding the request by Lanier's trial counsel for funds for a mental evaluation of Lanier are presumed correct, and Lanier makes no showing to rebut that presumption. *See* 28 U.S.C. § 2254(e)(1) (necessary to rebut "the presumption of correctness by clear and convincing evidence"). Lanier fails to show that his trial counsel raised an issue of Lanier's mental state *at the time of the offenses* or that counsel requested funds for a mental examination regarding *that issue*. Further, Lanier has not shown that the decision of the state court was contrary to, or an unreasonable application of, clearly established law by the United States Supreme Court, *see* 28 U.S.C. § 2254(d)(1), or an reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2). Consequently, Lanier is not entitled to habeas relief based on this claim.

### 2.   *Motion for Judgment of Acquittal and Uncorroborated Accomplice Testimony*

In his § 2254 petition, Lanier claims that the trial court erred in denying his motion for a judgment of acquittal because the only evidence linking him to the robberies charged in Counts One and Four of the indictment was uncorroborated accomplice testimony. Doc. No. 1 at 9-12. Lanier reasserted this accomplice-testimony argument in the amendment to his petition, while also arguing more generally that he was entitled to acquittal because "the state failed to [present] a prima facie case of Robbery First Degree." Doc. No. 11 at 5.

In his *pro se* brief submitted on direct appeal, Lanier argued that the trial court erred in denying his motion for a judgment of acquittal. *See* Resp'ts Ex. B at 3. The Alabama Court of Criminal Appeals summarily ruled that the claim provided no basis for reversal. *Id*.

In his Rule 32 petition, Lanier argued that he was entitled to acquittal because the State failed to corroborate the accomplice testimony regarding Counts One and Four for first-degree robbery. Resp'ts Ex. E at 20-23. The Rule 32 court found both that this claim was precluded under Ala. R. Crim. P. 32.2(a)(3) & (5) and that it was without merit because "Petitioner's own statement, eyewitness testimony, physical evidence, and co-defendant testimony were all presented against the Petitioner to support his conviction." *Id*. at 44. Lanier apparently abandoned this claim in his appeal from the denial of his Rule 32 petition. *See* Resp'ts Ex. F at 2-3.

Assuming Lanier's claim is preserved for federal habeas review, the state court's decision denying the claim on the merits was based on a reasonable determination of the facts in light of the evidence presented in the state court proceedings and was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) & (2). While the State did indeed present incriminating accomplice testimony from one of Lanier's codefendants, Jodeci Bennett, *see* Resp'ts Ex. A at 156-67, evidence of Lanier's guilt was also presented through testimony by robbery victims who identified Lanier (based on tattoos on his neck and other aspects of his general physical appearance) as an active participant in the crimes (*see, e.g.*, *id.* at 108-09, 112-19) and – perhaps most compellingly – in Lanier's own post-arrest statement to police confessing his participation in all five robberies (which involved four different businesses) (*see, e.g.*, *id*. at 134-37, 146-52). With specific regard to Counts One and Four of the indictment, the State introduced ample

16

testimony and corroborating physical evidence from which the jury could conclude that Lanier robbed victims DL and KZ (the victims named in Counts One and Four). On the robbery of DL, besides Bennett's accomplice testimony, evidence of Lanier's guilt was presented through the investigating officer (*id*. at 125-45), a surveillance video (*see id*. at 127-29), and Lanier's statement to police admitting his participation as "a lookout" for his cohorts during commission of the robbery (*id*. at 134-35). Evidence regarding the robbery of KZ was presented through, among other sources (including Bennett), the eyewitness testimony of CW (who was named as a victim in a different count of the indictment) (*id*. at 112-19) and Lanier's statement to police admitting his participation in the robbery as the driver and lookout for his cohorts and his receipt of a share of the proceeds from all the robberies (*id*. at 135-37). In sum, there was ample evidence presented, besides accomplice testimony, to allow a jury to find Lanier guilty of all five robberies charged in the indictment.[7]

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). Habeas relief on the merits of a claim of

---

[7] The respondents correctly observe (Doc. No. 13 at 6) that Lanier's argument regarding accomplice testimony is premised entirely upon an alleged violation of Alabama law, specifically § 12-21-222, Ala. Code 1975, which provides that a felony conviction cannot be had on the uncorroborated testimony of an accomplice. *See* § 12-21-222, Ala. Code 1975. Thus, it is doubtful whether Lanier's claim in this regard presents a question of a constitutional nature providing any basis for federal habeas relief. In any event, as noted in this Recommendation, the State presented ample other evidence, in addition to accomplice testimony, to support Lanier's conviction on all five counts of first-degree robbery.

insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> [T]his inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." . . . [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson,* 443 U.S. at 318-19.  To be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt."  *United States v. Harrell*, 737 F.2d 971, 979  (11th Cir. 1984)

Because Lanier does not show that the state-court decision denying him relief on this claim was contrary to, or an unreasonable application of, clearly established law by the United States Supreme Court or an reasonable determination of the facts in light of the evidence presented, he is not entitled to habeas relief based on this claim.

### 3.   Motion to Supplement Record on Appeal

Lanier claims that the trial court erred by denying his motion to supplement the record on appeal.  Doc. No. 11 at 3-4.  He contends that, as a result of the trial court's ruling, he was forced to proceed in his direct appeal without a compete record, in violation of his right to due process.  *Id.* at 4.

Lanier asserted this claim in his *pro se* brief submitted on direct appeal, *see* Resp'ts Ex. B at 3, and the Alabama Court of Criminal Appeals summarily ruled that the claim

provided no basis for reversal, *id*.  While Lanier alludes in his amended § 2254 petition to the absence from the record of the arrest warrant and supporting affidavits (*see* Doc. No. 11 at 3), he does not argue how he was prejudiced by their supposed absence from the appellate record or suggest any claim for relief they might have supported.  In any event, Lanier's allegations notwithstanding, those documents are contained in the record from Lanier's direct appeal.  *See* Resp'ts Ex. A at 15-33.  The same is true of Lanier's assertion that the indictment is absent from the record.  Doc. No. 11 at 3.  The indictment is contained in the record.  Resp'ts Ex. A at 6-11.  Lanier also complains that the "names, race and geographical address of the venire [and] the strike list of counsels" are absent from the record.  Doc. No. 11 at 3.  Again, however, he does not argue how he was prejudiced by the absence of these matters from the appellate record or suggest any claim for relief they might have supported.  What is more, the record contains the names of all venire members and a full transcript of voir dire and jury selection.  Resp'ts Ex. A at 68-83.  Finally, Lanier cursorily asserts that the record contains "no pre-trial motions."  Doc. No. 11 at 3.  However, he fails to specify the pretrial motions supposedly missing from the record and, again, does not argue how he was prejudiced by their absence from the appellate record or suggest any claim for relief they might have supported.

Under the circumstances, this court finds no merit in Lanier's claim that he was forced to proceed in his direct appeal without a compete record.  Lanier does not show that the state-court decision denying him relief on this claim was contrary to, or an unreasonable application of, clearly established law by the United States Supreme Court or an reasonable

determination of the facts in light of the evidence presented.  Therefore, he is not entitled to habeas relief based on this claim.

### 4.   *Allocution at Sentencing*

Lanier also claims that the trial court erred by failing to allow for allocution at his sentencing.[8]  Doc. No. 11 at 6.

Lanier asserted this claim in his *pro se* brief submitted on direct appeal, *see* Resp'ts Ex. B at 3, and the Alabama Court of Criminal Appeals ruled that the claim provided no basis for reversal, *id*.  Specifically, the appellate court stated that Lanier's claim was plainly refuted by the record.  *Id*.  The transcript of Lanier's sentencing hearing shows that the trial court offered Lanier an opportunity to allocute at his sentencing and that Lanier indicated he had nothing to say.  Resp'ts Ex. A at 194.

The state court's factual findings regarding Lanier's opportunity for allocution at sentencing are presumed correct, and Lanier fails to rebut that presumption.  Further, Lanier has not shown that the decision of the state court was contrary to, or an unreasonable application of, clearly established law by the United States Supreme Court or an reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2).  Consequently, Lanier is not entitled to habeas relief based on this claim.

---

[8] The respondents correctly observe (Doc. No. 13 at 7-8) that Lanier's argument that he was disallowed allocution is premised upon an alleged violation of Ala. R. Crim. P. 26.9(b)(1).  Thus, it is doubtful whether Lanier's claim presents a question of a constitutional nature providing any basis for federal habeas relief.  In any event, as noted in this Recommendation, *infra*, the record contradicts Lanier's claim that he was not allowed an opportunity to allocute at sentencing.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Lanier be DENIED and that this case be DISMISSED with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 2, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE